IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC FORTUNE | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 23-2215 |
| KELVIN DAUGHTRY, et. al. | : | |

### MEMORANDUM

**SURRICK, J**                                                                                   **JUNE 25, 2024**

After an automobile accident, Plaintiff Eric Fortune ("Plaintiff") filed this negligence action against Defendants Kelvin Daughtry and Darlene Daughtry ("Defendants"). (Compl., ECF No. 1.) Plaintiff moves for partial summary judgment, seeking a ruling that Defendant Mr. Daughtry was negligent *per se* and that the automobile collision is the factual cause of Plaintiff's injuries. (Mot., ECF No. 15, at 9-10 (ECF pagination).) For the following reasons, Plaintiff's Motion will be denied.

**I.    BACKGROUND**

On October 28, 2022, Mr. Daughtry and Plaintiff were involved in a car accident near La Salle University in Philadelphia, Pennsylvania, at the corner of Elkins Avenue and Wister Street, in which Mr. Daughtry hit Plaintiff's car. (Compl., ¶¶ 6-8.) The automobile was driven by Mr. Daughtry and was owned by Ms. Daughtry. (*Id*., ¶¶ 2-3, 7, 9.) Plaintiff sued both individuals. (*Id*., ¶¶ 7, 9.)

Mr. Daughtry testified that he came to a stop sign on Elkins Avenue and attempted to make a left-hand turn onto Wister Street. (K. Daughtry Dep. Tr., ECF No. 15-1, Ex. A. at 12:1-5.) He testified that after he came to the stop sign at Elkins Avenue, he was "inching to come out." (*Id*. at 11:9-10.) He testified that "the [] oncoming traffic wasn't telling me to come out so I was inching, kept inching out 'cause I couldn't see around the corner where the other car was

coming down there." (*Id*. at 11:11-15; *see also* 14:4-14.) Around 8:04 am, as Plaintiff was traveling at or near the intersection of Wister Street and Elkins Avenue, Mr. Daughtry's automobile collided with Plaintiff's. (Compl., ¶¶ 6-8.) Plaintiff alleges that as a result of Defendants' negligence, he suffered personal injuries and emotional and financial harm. (*Id*., ¶¶ 15-20, 23-27.)

Dr. Lance Yarus, an orthopedic surgeon and pain management specialist, evaluated Plaintiff more than five months after the car accident and issued a report on Plaintiff's behalf. (Yarus Rpt., ECF No. 15-1, Ex. B.) The report described Plaintiff's treatments at various medical facilities and the results from his diagnostic imaging. (*Id*. at 1-2.) Dr. Yarus noted that Plaintiff was involved in prior accidents, including two prior motor vehicle accidents and an incident in which he sustained a gunshot wound, at least one of which required surgery. (*Id*., at 2.) He concluded that various back strains, sprains, disk displacement and disk protrusion "occurred as a result [of] the subject incident . . . on October 28, 2022." (*Id*. at 4.) Dr. Yarus concluded that "[b]ased on the current history, physical examination, opportunity to review submitted records, . . . clinical experience, and applicable research it is my opinion that Mr. Fortune's injuries and/or conditions as they were outlined were directly caused by the subject incident [on] October 28, 2022." (*Id*. at 4.) He opined that Plaintiff's cervical spine injuries from the accident cause him to have "serious and permanent impairment of function" and require "future care." (*Id*. at 5.)

Dr. Gene Salkind, a neurosurgeon, also evaluated Plaintiff on behalf of Defendants. (Salkind Rpt., ECF No. 15-1, Ex. C, at 1.) Dr. Salkind concluded that:

> It is my impression that [Plaintiff], as a result of the 10/28/2022 [motor vehicle accident], at most sustained a cervical sprain and strain. He had a history of pre-existing neck issues related to a [motor vehicle accident] in 2017 or 2018.

> Furthermore, he had a subsequent [motor vehicle accident] on 7/2/2023, where he complained of a worsening of his neck pain. Soft tissue injuries resolve within 4-8 weeks. His persistent complaints are on the basis of his pre-existing, previously symptomatic cervical spondylosis and stenosis. I believe that the treatment that [Plaintiff] has undergone has been excessive and duplicative. He requires no further treatment with respect to the [motor vehicle accident]. . . . He did not sustain a serious impairment of bodily function, or any permanent injury that I can attribute to the [motor vehicle accident] of 10/28/2022.

(*Id*. at 3-4.) Dr. Salkind found that "[e]xamination of the cervical spine revealed no spinous process or paravertebral tenderness. There was no paravertebral spasm. Cervical range of motion was completely free. It did not provoke any pain." (*Id*. at 3.)

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party. *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "[A] factual dispute is material only if it might affect the outcome of the suit under governing law." *Id*. The court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone,* 638 F.3d 186, 196 (3d Cir. 2011). "Unsupported assertions, conclusory allegations, or mere suspicions" are insufficient to overcome a motion for summary judgment. *Schaar v. Lehigh Valley Health Servs., Inc.*, 732 F. Supp. 2d 490, 493 (E.D. Pa. 2010) (citing *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989)). If the moving party bears the burden of proof at trial, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in

3

the record . . . ."); *see also Matsushita Elec. Indus. Co., v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (noting that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

#### A.  Negligence *Per Se*

Plaintiff argues that he is entitled to a ruling that Mr. Daughtry was negligent *per se* as a matter of law because he violated a statute when he ran a stop sign, failed to yield the right of way to Plaintiff, and hit Plaintiff's vehicle. (Mot. at 10-13.)

In opposition, Defendants maintains that Mr. Daughtry was not negligent *per se* because he acted in compliance with "the statute's intent" when he inched his vehicle forward "to observe if the roadway was clear as required by 75 Pa. C.S. § 3323(b)." (Opp'n, ECF No. 16-2, at 5 (ECF pagination).) According to Defendants, "the statute allows a motorist to slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic," and as a result, they believe that Mr. Daughtry did not violate the law.

"The concept of negligence *per se* establishes the elements of duty and breach of duty where an individual violates an applicable statute, ordinance, or regulation designed to prevent a public harm." *Schemberg v. Smicherko*, 85 A.3d 1071, 1074 (Pa. Super. Ct. 2014) (citation omitted). A claim based on negligence *per se* includes four elements: "(1) The purpose of the statute must be, at least in part, to protect the interest of a group of individuals, as opposed to the public generally; (2) the statute or regulation must clearly apply to the conduct of the defendant; (3) the defendant must violate the statute or regulation; and (4) the violation of the statute or

4

regulation must be the proximate cause of the plaintiff's injuries." *Id*.

We cannot find that Mr. Daughtry was negligent *per se* because there is a genuine issue of material fact as to whether he violated the relevant driving safety law. 75 Pa. C.S. § 3323(b) specifies that "every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line." However, it continues that "[i]f, after stopping at a crosswalk or clearly marked stop line, a driver does not have a clear view of approaching traffic, the driver shall . . . slowly pull forward from the stopped position to a point where the driver has a clear view of approaching traffic." *Id*. On the record before us, we cannot conclude that Mr. Daughtry violated this statute because the statute allows a driver to slowly pull forward so that they have a clear view of approaching traffic, which is how Mr. Daughtry described his conduct at his deposition. (K. Daughtry Dep. Tr at 11:9-15; *see also* 14:4-14.) Accordingly, Plaintiff's Motion will be denied.

### B.   Factual Causation

Plaintiff seeks a ruling that Plaintiff sustained at least some injury as a result of the automobile collision. (Mot. at 10-11, 13-14.) Plaintiff maintains that "there is no genuine issue of material fact that the experts agree, within a reasonable degree of medical certainty, that Plaintiff suffered at least some injury as a result of the subject collision." (*Id*. at 14.) As a result, according to Plaintiff, it would be against the weight of the evidence for a jury to find that Plaintiff did not sustain at least some injury as a result of the automobile collision. (*Id*.)

Defendants argue that genuine issues of material fact regarding the factual cause of Plaintiff's injuries preclude summary judgment. (Opp'n at 6.) Defendants' expert, Dr. Salkind, opined that Plaintiff "*at most* sustained a cervical sprain and strain," which "allows for a determination . . . that the Plaintiff was not injured at all from this incident." (*Id*. (emphasis added).) Further, Dr. Salkind opined that Plaintiff "did not sustain a serious impairment of

5

bodily function, or any permanent injury" due to the instant motor vehicle accident. (Salkind Rpt. at 4.) As a result, Defendants dispute that the parties' experts agree that Plaintiff suffered at least some injury as a direct result of the accident. In addition, according to Defendants, Plaintiff's prior accidents in 2019 and 2022 and gunshot wounds in 2015 and 2016 undermine Plaintiff's claim that his present, alleged injuries were caused by the automobile accident at issue. (Opp'n at 6.)

Pennsylvania law is clear that "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. Ct. 2002) (emphasis omitted). "Such a verdict is contrary to the weight of the evidence adduced at trial." *Id*. "In other words, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." *Id*.

Plaintiff's argument fails for two reasons. To rule in favor of Plaintiff, there must be "no dispute that the defendant is negligent." *Andrews*, 800 A.2d at 962. This is not the case here. As discussed above, the parties dispute whether Mr. Daughtry was negligent and complied with pertinent driving safety laws. Accordingly, a ruling on factual causation is not appropriate. Second, we cannot conclude that "both parties' medical experts agree [that] the accident caused some injury to the plaintiff," *Andrews*, 800 A.2d at 962, because Defendants' expert report specified that Plaintiff "*at most* sustained a cervical sprain and strain." (Opp'n at 6; Salkind Rpt. at 3-4.) This is not a case "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. We cannot

bodily function, or any permanent injury" due to the instant motor vehicle accident. (Salkind Rpt. at 4.) As a result, Defendants dispute that the parties' experts agree that Plaintiff suffered at least some injury as a direct result of the accident. In addition, according to Defendants, Plaintiff's prior accidents in 2019 and 2022 and gunshot wounds in 2015 and 2016 undermine Plaintiff's claim that his present, alleged injuries were caused by the automobile accident at issue. (Opp'n at 6.)

Pennsylvania law is clear that "[w]here there is no dispute that the defendant is negligent and both parties' medical experts agree the accident caused some injury to the plaintiff, the jury may not find the defendant's negligence was not a substantial factor in bringing about at least some of plaintiff's injuries." *Andrews v. Jackson*, 800 A.2d 959, 962 (Pa. Super. Ct. 2002) (emphasis omitted). "Such a verdict is contrary to the weight of the evidence adduced at trial." *Id*. "In other words, a jury is entitled to reject any and all evidence up until the point at which the verdict is so disproportionate to the uncontested evidence as to defy common sense and logic." *Id*.

Plaintiff's argument fails for two reasons. To rule in favor of Plaintiff, there must be "no dispute that the defendant is negligent." *Andrews*, 800 A.2d at 962. This is not the case here. As discussed above, the parties dispute whether Mr. Daughtry was negligent and complied with pertinent driving safety laws. Accordingly, a ruling on factual causation is not appropriate. Second, we cannot conclude that "both parties' medical experts agree [that] the accident caused some injury to the plaintiff," *Andrews*, 800 A.2d at 962, because Defendants' expert report specified that Plaintiff "*at most* sustained a cervical sprain and strain." (Opp'n at 6; Salkind Rpt. at 3-4.) This is not a case "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. We cannot

not usurp the jury's role in construing the opinion of Defendants' medical expert. Accordingly, Plaintiff's Motion will be denied.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion will be denied. An appropriate Order follows.

BY THE COURT:

 /s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**